NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ADRIAN HABICHT, *Petitioner/Appellee,*

*v.*

SAMANTHALYNN PETERSON, *Respondent/Appellant.*

No. 1 CA-CV 25-1040 FC

FILED 08-13-2026

Appeal from the Superior Court in Maricopa County
No. FC2023-093094
The Honorable Jacki Ireland, Judge *Pro Tempore*

**AFFIRMED IN PART; DISMISSED IN PART**

COUNSEL

Adrian Habicht, Surprise
*Petitioner/Appellee*

Samanthalynn Peterson, Maricopa
*Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Daniel J. Kiley joined.

_____

**F A B I A N**, Judge:

**¶1**   Samanthalynn Peterson ("Mother") appeals the order modifying legal decision-making authority and child support and the award of attorney fees to Adrian Charles Habicht ("Father"). We affirm the legal decision-making and child support orders. However, because we lack jurisdiction over the attorney fees judgment, that portion of the appeal is dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

**¶2**   The parties were never married and had three children together. In 2017, the superior court adopted the parties' agreement to share joint legal decision-making authority, with Mother as the primary residential parent and Father having unsupervised parenting time one weekend a month and supervised parenting time twice per month at his discretion. Father was ordered to pay $400 a month in child support. In 2020, they agreed to modify this order to give Father three unsupervised weekend overnights each month.

**¶3**   In June 2023, Father petitioned to modify the existing orders to have the children live primarily with him, give him final decision-making authority, and order Mother to pay child support. He alleged, among other things, that: 1) the children had significant unexcused absences from school, 2) Mother was often not home, leaving her two older children from a prior relationship to care for the parties' children, and 3) Mother excluded Father from decision-making.

**¶4**   The court held a final two-hour evidentiary hearing in October 2025 with over two months' notice to the parties. After all evidence had been presented, Mother asked the court to continue the hearing so that she could hire an attorney to help her. The court denied the request.

**¶5**   The superior court awarded joint legal decision-making authority with Father having final decision-making authority in the event he and Mother were unable to agree. The court named Father primary

2

residential parent and awarded Mother parenting time every other weekend. After finding that Mother could earn $20 per hour and work full-time, the court ordered her to pay child support of $622 per month. The court also awarded attorney fees and costs (collectively "attorney fees") to Father in an amount to be determined after he filed a fee application and affidavit. Although the court had not determined the amount of attorney fees, the order included language under Arizona Rule of Family Law Procedure 78(b) certifying it as final and appealable. Mother timely appealed. Later, the court entered an order awarding Father $6,750.70 in attorney fees over Mother's objection. That order did not contain Rule 78(c) language.

## DISCUSSION

### I.    We Lack Jurisdiction over the Attorney Fees Award.

¶6          We have "an independent duty to examine whether jurisdiction exists over matters on appeal." *Hernandez v. Athey*, 256 Ariz. 530, 532 ¶ 3 (App. 2023). The superior court issued a signed order resolving legal decision-making authority, parenting time, and child support. It granted Father's request for attorney fees but did not determine the specific amount. Nonetheless, the court found that no just reason for delay existed and directed entry of a final judgment, citing Rule 78(b). Although the Rule 78(b) certification made the legal decision-making, parenting time, and child support orders appealable, it did not allow Mother to appeal from the order finding Father entitled to an award of attorney fees in the absence of a determination of the amount. *See id.* at 533 ¶¶ 7, 9.

¶7          An award of attorney fees is a single claim. *Id.* at ¶¶ 7-8. "Until the court makes the entitlement <u>and</u> awards an amount, the court cannot certify any portion of the attorney fees claim under Rule 78(b)." *Id.* at ¶ 8. The award of attorney fees cannot be appealed until the entire claim is resolved. *Id.* at ¶ 9. The court entered an order awarding the amount of attorney fees three months after it decided that Father was entitled to an award. But Mother did not amend her notice of appeal to include the order. Nor was it appealable as it did not include Rule 78(c) language. *See Larrea v. Chand*, 261 Ariz. 93, 98 ¶ 17 (App. 2025) ("The fee and cost awards did not become appealable until the court issued the Family Rule 78(c) judgment, which settled the amounts."). Thus, we lack jurisdiction over the attorney fees award but have jurisdiction over the other issues decided in the order issued on October 23, 2025. *See* A.R.S. § 12-2101(A)(2). Nothing in this decision precludes Mother from timely appealing the award of attorney fees once a final judgment is entered with respect to those fees.

## II.    The Court Properly Denied Mother's Request for a Continuance.

¶8      The superior court set a two-hour evidentiary hearing and gave the parties more than two months' notice. After the close of evidence at that hearing, Mother asked the court to continue the hearing so she could hire an attorney to address the "volume and complexity of evidence presented." The superior court denied the request, finding the case had been pending for over two years. Mother argues this was an abuse of discretion and denied her due process.

¶9      As an initial matter, although Mother asked for a continuance, she was technically seeking an adjournment of the proceedings. Regardless, the standard of review is the same. "A trial court has broad discretion over the management of its docket," including whether to grant extension requests. *Findlay v. Lewis*, 172 Ariz. 343, 346 (1992). We review all such matters for an abuse of discretion. *See Aries v. Palmer Johnson, Inc.*, 153 Ariz. 250, 256 (App. 1987).

¶10     Father petitioned to modify in June 2023 and by the time of the hearing, the case had been pending more than two years. Mother also knew the hearing date and its two-hour limit for more than two months. In that time, she did not move to continue, did not ask for a longer hearing, and did not tell the court she was trying to retain counsel. Nor does she claim Father made any untimely disclosures or identify anything that surfaced at the hearing that she could not have anticipated from Father's petition. Finally, given that Mother claimed financial hardship, it seems unlikely that she could have retained counsel. *See In re Maricopa Cnty. No. MH2003-000240*, 206 Ariz. 367, 369–70 ¶ 10 (App. 2003) (holding that trial court did not abuse its discretion in denying appellant's request for continuance to retain private counsel, in part because she "had no funds with which to hire private counsel, undercutting the proffered reason for the continuance"). On these facts, the superior court did not err in denying Mother's request.

¶11     Mother also contends the denial was unfair because the superior court granted Father's multiple requests for continuances. Father did move four times to continue the hearing while he waited on records from the children's school, their medical providers, and the Department of Child Safety. But Father's last request came over six months before the October 2025 hearing and each of his requests explained what he was waiting for and why he could not obtain it sooner. Mother asked for her continuance after the evidence had been presented and pointed to no

evidence she needed more time to obtain and present. Treating the requests differently was not an abuse of discretion.

**¶12** Mother's due process claim fails as well. Whether the superior court afforded Mother due process is a question of law we review *de novo*. *See Backstrand v. Backstrand*, 250 Ariz. 339, 346 ¶ 28 (App. 2020). "Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner, as well as a chance to offer evidence and confront adverse witnesses." *Cruz v. Garcia*, 240 Ariz. 233, 236 ¶ 11 (App. 2016) (citation modified). Mother claims the denial of more time to prepare impacted her ability to present and challenge evidence. But she knew from Father's petition that the case would turn on conditions in her home, the children's unexcused absences, her handling of Father's access to school and medical records, and child support. She appeared, testified, had the opportunity to present evidence, and the opportunity to question Father. *See Volk v. Brame,* 235 Ariz. 462, 468 ¶ 21 (App. 2014) (a court denies due process when it "allows *no* time to hear testimony" or when the time available "does not allow for meaningful direct testimony and efficient but adequate cross-examination"). In short, she was not denied a meaningful opportunity to be heard, confront Father, or present evidence. *See id.* at ¶¶ 20-21.

**¶13** Finally, although Mother argues the superior court had to make written findings explaining the denial, Rule 34 requires no written findings. When the family law rules require a court to explain itself in writing they say so. *See, e.g.*, Ariz. R. Fam. Law P. 17(c) (written findings required to seal or redact a record); A.R.S. § 25-320 app. ("Guidelines") § IX.B.3 (written findings required to deviate from a child support award). The superior court did not abuse its discretion, and Mother was not denied due process.

## III. The Record Supports the Income Attributed to Mother in the Child Support Order.

**¶14** In determining child support, the superior court attributed a full-time income to Mother. Mother argues the court abused its discretion in attributing more than her actual part-time income. We review child support awards for abuse of discretion and defer to the court's factual findings absent clear error, but review *de novo* its conclusions of law and interpretation of the Arizona Child Support Guidelines. *Sherman v. Sherman*, 241 Ariz. 110, 112-13 ¶ 9 (App. 2016).

**¶15** Courts presume a parent can work full-time absent evidence to the contrary. A.R.S. § 25-320(N). When a parent is unemployed or working below their full earning potential, the superior court may attribute income up to the parent's full earning capacity, "if the parent's earnings are reduced voluntarily and not for reasonable cause." *Little v. Little,* 193 Ariz. 518, 521 ¶ 6 (1999). Courts may look at earning capacity and work experience in deciding a parent's income for purposes of child support. *See Taliaferro v. Taliaferro,* 188 Ariz. 333, 337 (App. 1996).

**¶16** Mother testified that she historically earned $20 an hour. She claimed she could not work full-time because she had to drive some of the children to and from school and stay home with them after school. But the court's award of primary custody to Father means that Mother need not limit her work hours to coincide with the children's school hours. Thus, the court properly attributed a full-time income to Mother.

**¶17** Finally, Mother contends the court did not consider several factors listed in the Guidelines before attributing her full-time employment income. *See* Guidelines § II.A.4.d. We do not consider this issue because Mother raises it for the first time on appeal. *See Englert v. Carondelet Health Network,* 199 Ariz. 21, 26 ¶ 13 (App. 2000). The court did not err in attributing full-time income to Mother.

## IV. Costs on Appeal

**¶18** Father requests an award of costs on appeal under A.R.S. § 25-324(A). Alternatively, he asks us to impose sanctions, if appropriate under Arizona Rule of Civil Appellate Procedure ("ARCAP") 25. Sanctions are not warranted here, and, after considering the parties' financial resources and the reasonableness of their positions, we deny his request for costs under A.R.S. § 25-324(A). However, as the prevailing party, Father is entitled to recover his costs under A.R.S. § 12-341 upon compliance with ARCAP 21.

**CONCLUSION**

**¶19** We lack jurisdiction over the appeal from the attorney fees award, but affirm the legal decision-making authority, parenting time, and child support orders.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR